RAMON C. REYES, ADMR., ETC., ET AL., APPELLANTS, VS. GEORGE C. MIDDLETON, ET AL., APPELLEES.

CLOUD ON TITLE—LIBEL AND SLANDER OF TITLE INJUNCTION DOES NOT LIE TO RESTRAIN.

1. A deed or other instrument purporting to convey land, that shows upon its face that the grantors therein were out of possession of the land granted at the time of its execution, and that such land at the time was adversely held by another, is void upon its face as to such adverse occupant; and, as to him, does not create such a cloud upon his title as will authorize the interposition of a court of equity on his behalf for its removal.

2. It is well-settled that a court of equity will never lend its aid by injunction to restrain the libeling or slandering of title to property, where there is no breach of trust or contract right involved, but that in such cases the remedy, if any, is at law; and that the alleged *insolvency* of the libelant, in such cases, will not, of itself, authorize the interference of the court of equity.

Appeal from the Circuit Court for St. Johns county.

The facts of the case are stated in the opinion of the court.

*M. C. Jordan* and *W. A. Mac Williams*, for Appellants.

*C. P & J. C. Cooper*, for Appellees.

TAYLOR, J.:

On the 26th day of July, A. D. 1888, George C. Middleton, Charles E. Gard, Burton W. Cole, William H. Erwin, Betsy P. White, William S. Vansickle, Isaac N. Vansickle, Marion R. Cooper, Frank F. Smith, Joseph Randall as administrator of the estate of Erastus Randall, deceased, R. M. Simms, W. H. Simpson, Ira S. Bunker, Edgar F. R. Fripp and T. B. George, all of the county of St. Johns, as complainants, filed their bill in equity in the Circuit Court of St. Johns county against Ramon C. Reyes in his own right and as administrator of the estate of Jose B. Reyes, deceased, Carmen Reyes, Innocencia Reyes, Maria del Rosario Reyes, Gabina Andreu and Emanuel P. Andreu, her husband, and Adolphus N. Pacetti, all of St. Johns county. The bill alleges, in substance, that the complainants are severally seized and possessed in fee of certain portions of that tract of land situated in St. Johns county, Florida, known as section 37 in township 8, south of range 29 east, located on Moultrie creek, the same being a Spanish grant confirmed to Jose B. Reyes, containing 223.10 acres; the several respective portions thereof owned and possessed severally by the respective complainants being particularly described in divers deeds of the same to them that are attached to the bill as exhibited thereto. That complainants are now severally in the actual possession of

the several portions of said section of land conveyed to each of them severally by said deed exhibits; and that they and those under whom they claim have been in the actual possession of same ever since the year 1873. That each of complainants have made improvements upon their several tracts of land by clearing, cultivating and fencing same, and by building houses thereon, and planting orange groves thereon, and by the making and cultivation thereof, and that the said several tracts or portions of said land described in said deed exhibits are the homes of each of complainants severally to whom said tracts are in and by said deeds duly conveyed. That the said defendants set up and assert some pretended claim of title to, or interest in, said lands by reason of their alleged claim that they, with the exception of Adolphus N. Pacetti, are the heirs at law of one Jose B. Reyes, the grantee to whom said lands were duly confirmed as a Spanish grant. That complainants have no personal knowledge whether or not the defendants are in fact the heirs at law of said Jose B Reyes, but they say that said defendants have no title whatever to said lands, the same having been duly and regularly assessed in the year A. D. 1853, and duly and regularly sold on the first day of May, A. D. 1854, by one R. B. Canova, the then sheriff and *ex officio* tax collector of St. Johns county, Florida, for nonpayment of taxes, and said lands having been then and there purchased by the State of Florida, and a deed for same having been executed by said Canova as said tax collector to the register of public lands of said State of Florida, and on the 4th day of February, A. D. 1873, sold and conveyed to one B. F. Oliveros by the then Commissioner of Lands and Immigration of said State of Florida, in accordance with the statutes in such cases provided. That by rea-

son of said preceding sales and conveyances the said Jose B. Reyes and those claiming under him were divested of title to said land, and the same became vested in said B. F. Oliveros, who, on the 24th day of February, A. D. 1874, filed said deed for record in the clerk's office of St. Johns county, State of Florida, and that he entered into actual occupancy of said land in the year 1873, and that the said Oliveros and those claiming under him, including your orator, have been in the actual, open, notorious, adverse and exclusive occupation and possession of said above described real estate ever since the same was so taken possession of by said Oliveros up to the date of filing this bill, and that complainants are now in the actual, open, notorious, adverse and exclusive occupation and possession of said lands, and neither of the said defendants are now or ever have been in the occupation or possession of any part of said land. That by conveyances through divers different persons from the said Oliveros to complainants they have acquired the title to said land, and are now seized of title in fee thereto that appear by the record of deeds of said county of St. Johns, and that defendants have no title whatever to said lands. That the defendant Adolphus N. Pacetti claims some interest in said land by reason of an alleged power of attorney to him coupled with an interest in said land executed by the other of said defendants to said Pacetti on the 21st day of September, 1883, and recorded in book of Miscellaneous Records, "C," pages 61 and 64 of records of St. Johns county, Florida; said alleged power of attorney purporting to authorize said Pacetti in the name of the other of said defendants, or of said Ramon C. Reyes as administrator aforesaid, to sue for, recover and gain possession of said land in consideration of an

JUNE TERM, 1895. 103

Reyes, Admr , etc., et al. v. Middleton et al.—Opinion of Court.

interest therein as therein stated, as will appear by a certified copy of said power of attorney attached to the bill as an exhibit. That for some years past, to wit: since about the 21st day of September, A. D. 1883, said defendants, and particularly said Ramon C. Reyes and Adolphus N. Pacetti, although out of possession of said land, and the records of said county showing the title of complainants to same as above set forth, have continuously and publicly stated to divers persons in said county, and in the city of St. Augustine particularly, that they, the said Reyes, as heirs at-law of Jose B. Reyes, owned said land, and that said Pacetti was their agent and attorney in fact with said alleged one-half interest therein in the matter of taking possession of and asserting title to said land, and in some manner have openly asserted that complainants had no title to said land; and said defendants, from time to time since the 21st day of September, 1883, have posted up, and caused to be posted up, in many public places and distributed to divers persons in the city of St. Augustine, in said county, printed and written circulars warning and threatening all persons against buying said land of complainants, and of law suits that will result therefrom, and offering to sell the same themselves through Ramon C. Reyes in his own right and as administrator aforesaid, or through Adolphus N. Pacetti, thereby clouding and traducing the title of your orators to said land, all of which will more fully appear by reference to one of said circulars as posted up by said defendants, attached to the bill as an exhibit. That for several years they desired and urged the defendants Ramon C. Reyes and Adolphus N. Pacetti to bring the proper actions at law against your orators to test the title between your orators and said defendants to said land, your orators being more than willing that

said title should be tried and settled, but although said defendants threatened from time to time to bring such action they did not do so up to the 16th day of August, 1887, when said Ramon C. Reyes, as administrator, commenced an action in ejectment against one of your orators, Charles E. Gard, on the law side of this court, in which suit issue was joined and the same was ready and called for trial, but said Reyes, as plaintiff therein by his attorney, dismissed said suit, and although your orators have waited some time since for said defendants to commence new actions to test their said alleged claim of title to said land, yet they have not done so, but continue to make their said alleged public assertions and claims of title to said land, although still out of possession of same, and to post and distribute similar circulars as to the title to said land. That said defendants by said methods of claiming title to said lands and warning others against the title of your orators, and offering to sell your orators said land, and by the record of said alleged power of attorney to the defendant Adolphus N. Pacetti, prevent your orators from selling or disposing of it or raising money on it as security, and generally lessens its value in the estimation of purchasers and persons dealing in real estate, and your orators are therefore prevented from the entire use, enjoyment and benefit of said property, and the title to same is in fact and in law clouded thereby, and your orators being in possession, have no adequate remedy at law for said injury. That they fear and apprehend, and have reason to fear, that unless restrained by decree of this court, the defendants will continue to assert that the title to said land is in defendants, and will continue to publicly state that the said Reyeses, as heirs-at-law of Jose B. Reyes, own said land, and that said Pacetti is their agent and

attorney in fact for the purpose of asserting title to said land, and will assert that your orators have no title to said land, and will post up, and cause to be posted up, in public places and distributed to divers persons, printed and written circulars warning and threatening all persons against buying said land of your orators, and of law suits that will result therefrom, and offering to sell same themselves through the said Ramon C. Reyes in his own right and as administrator aforesaid, or through the said Pacetti, thereby clouding and traducing the title of your orators to said land. That by reason of defendants' alleged claim of title they may bring separate actions at law against each of your orators, thereby occasioning a multiplicity of suits. That said defendants, particularly Ramon C. Reyes and Adolphus N. Pacetti, have no property above their legal exemptions out of which any judgment for damages could be satisfied that your orators, or either of them, might obtain against said defendants, or either of them, for said alleged slanders upon the titles of your orators to said land.

The prayers of the bill are that the defendants and all persons claiming through or under them be perpetually enjoined from alleging or asserting title in themselves to said land, or any claim thereto, or right therein, and from instituting any suits to assert title to, or to recover possession thereof, and from disturbing complainants in any manner in the enjoyment, use and possession of said land; and that complainants' title hereto may be decreed to be good and indefeasible as against said claims of title thereto of the said defendants. That said power of attorney from the defendants Reyes to the defendant Pacetti be decreed to be delivered up and cancelled, and adjudged to be null

and void, and cancelled of record where same is recorded. There is a prayer for general relief.

The defendants demurred to the bill upon a ground of a want of equity in the bill, and because the complainants claim to hold separate interests in separate pieces of property, and the damages, if any, would be separate and distinct, and the complainants are, therefore, improperly joined; and for uncertainty. This demurrer was overruled, and this ruling is the first error assigned. Attached to the bill as an exhibit thereto is a power of attorney from the defendants Reyes to the defendant Pacetti, authorizing the latter to sue for and recover possession of any and all lands and claims to which the Reyes may be entitled by inheritance or otherwise, and to put the Reyes in possession thereof; and this instrument contains also an agreement with Pacetti entitling him to one-half of all lands and other property that he may recover for the Reyes in consideration of his services in and about the recovery thereof. This instrument, the bill assumes, is a cloud upon the complainants' title, and its delivery and cancellation, as such cloud, is prayed for. We do not think that it constitutes such a cloud upon the complainants' title as will authorize the maintenance by them of a bill in equity for its removal. Upon its face, when its features as a *conveyance* to Pacetti of an interest in the lands is considered, it shows that the grantors were, at the time of its execution, out of possession of the lands proposed by it to be conveyed, and, according to the well-settled rule of this court, it was therefore, a nullity and void upon its face as to the complainants who were, at the time of its execution, in possession of the lands in dispute adversely to such grantors. Doe *ex dem.* Magruder and Logan vs. Roe, 15 Fla. 692; Levy vs. Cox. 22 Fla. 546; Gould vs. Carr,

33 Fla. 523, 15 South. Rep. 259. It is further the well-settled rule of this court that a deed or other instrument that is void upon its face, and that can not sustain an action, in the absence of rebutting proof, can not be said to be such a cloud upon a title as will authorize the interposition of equity for its removal. Davidson vs. Seegar, 15 Fla. 671; Barnes vs. Mayo and Mickler, 19 Fla. 542; Sloan vs. Sloan, 25 Fla. 53, 5 South. Rep. 603. We do not think, therefore, that the bill here makes out such a case as will authorize a court of equity to exert its power of removing cloud upon title.

The next ground of relief set up by the bill, and the one mainly relied upon by the complainants, is, that the defendants are and have been traducing and slandering the title of complainants to the lands described by declaring themselves to be the true owners thereof, and that complainants had no title thereto, and by posting up notices or placards warning purchasers from buying any of said lands from any one but themselves, under penalty of purchasing law suits, etc. Under this last phase of the bill there is no allegation as to any overt act of interference by the defendants with the complainants in their quiet use, enjoyment and possession of the lands; neither is it alleged that the defendants have interfered in any way directly with the land itself, by any attempt to possess themselves, or to dispossess the complainants thereof, but the substance of the allegations is, simply, that the defendants are and have been libeling and slandering the title of complainants to said lands, and the prayer of the bill upon this phase of it is, that they be restrained and enjoined from so slandering and libeling it in future. There is no allegation that the defendants have brought, or are about to, or threaten to, bring any

action or actions against the complainants or any of them to test their claims to the land, or to question complainants' title thereto. It seems to be well-settled that a court of equity will never lend its aid by injunction to restrain the libeling or slandering of title to property, where there is no breach of trust or contract involved, but that in such cases the remedy, if any, is at law; and that the alleged *insolvency* of the libelant, in such cases, will not, of itself, authorize the interference of the court of equity. Boston Diatite Co. vs. Florence Mfg. Co., 114 Mass. 69, S. C. 19 Am. Rep. 310; Wetmore vs. Scovell, 3 Edwards Chy. 543; Brandreth vs. Lance, 8 Paige, 24, S. C. 34 Am. Dec. 368; Manger vs. Dick, 55 How. Prac. 132; Life Association of America vs. Boogher, 3 Mo. App. 173; Singer Mfg. Co. vs. Domestic Sewing Machine Co., 49 Ga. 70, S. C. 15 Am. Rep. 674; Clark vs. Freeman, 11 Beavan 112; Seeley vs. Fisher, 11 Simons (34 Eng. Chy.), 581; Prudential Assurance Co. vs. Knott, L. R. 10 Chy. App. Cas. 142.

It is further contended here that the complainants are entitled to the relief prayed, upon the ground of the prevention of a multiplicity of suits, and this contention is based upon the idea that the complainants are numerous, and that each of them owns a separate parcel of the land in controversy, and that each of them is subject to a several action of ejectment by the defendants for the respective parcels of the land owned by each. We do not think that the facts set up by the bill discloses a case calling for the interposition of a court of equity to prevent a multiplicity of suits; but besides this the bill distinctly alleges that the defendants will not bring ejectment to test the title, though often solicited and invited to do so by the complainants.

It follows from what has been said that the demurrer of the defendants to the bill of complaint should have been sustained, and that the court below erred in overruling same. The decree appealed from is reversed with direction to sustain the defendants' demurrer to the bill, and that the bill be dismissed.