ORFINGER, J.
 

 A fee dispute arose between Joanne M. Weiss and her former attorney, J. Erwin Dunlop, in a dissolution of marriage proceeding. As a consequence, and after withdrawing as her attorney, Mr. Dunlop filed a motion for attorney’s fees and for a charging lien. After providing notice to Ms. Weiss and conducting a hearing, the trial court granted the requested fees and imposed a charging lien. We affirm the order imposing the charging lien without further comment.
 

 At the hearing on the fee motion, Mr. Dunlop advised the trial court that Ms. Weiss had published statements, which he contended were defamatory concerning their fee dispute on various internet websites. The statements related to Ms. Weiss’s allegation that Mr. Dunlop had fraudulently charged $7,500 as a partial fee on one of her credit cards without permission. Mr. Dunlop strongly denied doing so, and the court found the charge to be proper.
 

 But that did not put the matter to rest. In addition to imposing the charging lien, at Mr. Dunlop’s request, the trial court ordered Ms. Weiss to stop making the allegedly defamatory statements about Mr. Dunlop and remove the statements about him from the websites where they had been posted, ruling:
 

 THE COURT: ... So I’m ordering you — and Mr. Dunlop is going to pre
 
 *760
 
 pare an order — to pay his bill. You are ordered to remove any reference to anything that Mr. Dunlop did from whatever website you put it on. You are ordered to discontinue telling anyone that Mr. Dunlop in any way charged anything on your credit card without your permission, because he didn’t. And if you — he’s going to prepare that order, and it’s going to be sent to you, and you’re going to do what’s on it or Mr. Dunlop will bring you in here on a motion for contempt and I will put you in jail. Do you understand that, Ms. Weiss?
 

 MS. WEISS: For how many days, Your Honor?
 

 THE COURT: Well, I’m not — do you want to know today? Do you want to just go ahead and go to jail?
 

 MS. WEISS: I will go to jail, Your Honor, because I am an honest woman.
 

 The court then entered an order, incorporating these oral rulings.
 

 Ms. Weiss correctly contends that the order entered by the trial court was outside the jurisdiction of the dissolution proceeding that brought her before the court. The order provides injunctive relief, which was improper as there was no pleading before the court stating a cause of action that would allow the entry of an injunction.
 
 Waterman Broad. Corp. v. Saro,
 
 555 So.2d 1273 (Fla. 2d DCA 1989). Indeed, a trial court may not entertain injunctive relief
 
 sua sponte
 
 in the absence of the required pleadings and notice.
 
 First Union Nat’l Bank of Fla., N.A. v. Peoples Nat’l Bank of Commerce, Miami,
 
 644 So.2d 538, 539 (Fla. 3d DCA 1994). In the absence of some other independent ground for invoking equitable jurisdiction, equity will not enjoin either an actual or threatened defamation.
 
 Demby v. English,
 
 667 So.2d 350 (Fla. 1st DCA 1995);
 
 Reiter v. Mason,
 
 563 So.2d 749 (Fla. 3d DCA 1990). In fact, most prior restraints on an individual’s constitutional right of free expression are presumptively unconstitutional.
 
 Animal Rights Foundation of Fla., Inc. v. Siegel,
 
 867 So.2d 451, 457 (Fla. 5th DCA 2004). Because injunctive relief is generally unavailable, a complainant is typically left to his or her remedy at law.
 
 Moore v. City Dry Cleaners & Laundry,
 
 41 So.2d 865 (Fla.1949);
 
 United Sanitation Servs. of Hillsborough, Inc. v. City of Tampa,
 
 302 So.2d 435 (Fla. 2d DCA 1974).
 

 For these reasons, the order imposing a charging lien is affirmed. The order enjoining Ms. Weiss’s alleged defamatory comments is reversed.
 

 AFFIRMED in part; REVERSED in part, and REMANDED.
 

 PALMER, C.J. and SAWAYA, J., concur.