SILBERMAN, Judge.
 

 William 0. Murtagh, M.D., seeks review of the nonfinal order denying his motion seeking a temporary injunction. He sought to preclude former patient Lynn Hurley from making allegedly defamatory statements to his patients and prospective patients. Dr. Murtagh argues that because the defamation served as the verbal act of tortious interference with business relationships, the trial court erroneously determined that injunctive relief was inapplicable as a matter of law. While we agree that the court erred in determining that injunctive relief is not an available remedy, we nonetheless affirm because Dr. Murtagh failed to present evidence to establish a clear legal right to an injunction.
 

 The unsworn amended complaint alleged that Hurley had tortiously interfered with Dr. Murtagh’s business by making defamatory statements to Dr. Murtagh’s patients with the intent to cause Dr. Murtagh financial harm and to induce the patients to terminate them relationships with Dr. Mu-rtagh. The complaint also alleged that some of Dr. Murtagh’s patients had terminated their relationships with him as a direct result of Hurley’s defamatory statements and that this caused him to lose revenue. Dr. Murtagh sought a temporary injunction to preclude Hurley from continuing to make the allegedly defamatory statements.
 

 Hurley opposed the temporary injunction on legal grounds. Hurley claimed that an injunction was not a proper remedy because there were adequate legal remedies and an injunction violated Hurley’s constitutional right of free speech. Hurley argued that injunctions are not proper in
 
 *64
 
 defamation cases, relying on cases stating that equity will not enjoin either actual or a threatened defamation. Hurley relied on three cases in particular:
 
 Murphy v. Daytona Beach, Humane Society, Inc.,
 
 176 So.2d 922 (Fla. 1st DCA 1965);
 
 United Sanitation Services of Hillsborough, Inc. v. City of Tampa,
 
 302 So.2d 435 (Fla. 2d DCA 1974); and
 
 Weiss v. Weiss,
 
 5 So.3d 758 (Fla. 5th DCA 2009).
 

 In its order denying injunctive relief, the trial court did not provide any legal reasoning beyond citing to the three cases relied upon by Hurley. On appeal, Dr. Murtagh contends that the trial court erred in determining that injunctive relief was inapplicable as a matter of law. He argues that the cases relied upon by the trial court are distinguishable because they did not involve an independent legal ground for entering an injunction. He asserts that his independent legal ground is his claim for tortious interference with a business relationship based on Hurley’s verbal actions. Dr. Murtagh relies on
 
 Zimmerman v. D.C.A. at Welleby, Inc.,
 
 505 So.2d 1371 (Fla. 4th DCA 1987), to support his argument.
 

 Our review of the above cases reveals that Dr. Murtagh’s position is correct. In
 
 Murphy,
 
 the Daytona Beach Humane Society filed a complaint alleging that the defendant was attempting to hamper the Society’s operations by approaching members and public officials and using correspondence and publications to falsely attack the Society’s management and officers. 176 So.2d at 923. The complaint alleged that the Society would suffer irreparable harm unless the conduct was enjoined because the defendant’s acts were discouraging membership and hampering the Society’s drive for contributions. The defendant claimed that an injunction would violate his freedom of speech and press, that an injunction would not provide equity jurisdiction, that the Society had an adequate remedy at law, and that equity would not enjoin threatened defamation.
 

 The chancellor entered a temporary injunction, but the First District quashed the order based on its determination that it was not a proper case for issuing a temporary injunction.
 
 Id.
 
 at 923-25. The court explained that generally courts would not restrain alleged defamation “in the absence of some other independent ground for the invocation of equitable jurisdiction regardless of whether the defamation is personal or relates to one’s property.”
 
 Id.
 
 at 924. The court reasoned that in defamation cases, the aggrieved party has an adequate legal remedy. Additionally, it noted that equity jurisdiction has been limited to protecting property rights. Finally, it explained that such relief would infringe on the constitutional right to free speech and press and the right to trial by jury.
 
 Id.
 

 The
 
 Murphy
 
 court relied on
 
 Reyes v. Middleton,
 
 36 Fla. 99, 17 So. 937 (1895), in which the supreme court held it was improper to restrain the defendants from distributing and posting circulars stating that they own a one-half interest in the plaintiffs’ land based on the “well-settled” principle
 

 “that a court of equity will never lend its aid, by injunction, to restrain the libeling or slandering of title to property, where there is no breach of trust or contract involved, but that in such cases the remedy, if any, is at law, and that the alleged insolvency of the libelant, in such cases, will not, of itself, authorize the interference of the court of equity.”
 

 Murphy,
 
 176 So.2d at 925 (quoting
 
 Reyes,
 
 17 So. at 939). However, the court expressly noted that the case before it did not involve “the situation of one interfering with another’s business,” which provides
 
 *65
 
 an exception to the general prohibition against injunctive relief.
 
 Id.
 
 at 925-26.
 

 In
 
 United Sanitation,
 
 a private garbage collection company sought to enjoin the City of Tampa from denying it a permit to collect garbage. 302 So.2d at 436. The trial court denied injunctive relief. On appeal, the garbage collection company asserted “that the City should ‘at least’ be enjoined from ‘altering the status quo,’ and from ‘slandering’ it to its private customers.”
 
 Id.
 
 at 439. This court rejected that argument, concluding that there was no evidence of defamation and that even if there had been, “there would be no basis for a failure to follow the well established rule that equity will not enjoin either an actual or a threatened defamation.”
 
 Id.
 
 at 439 (citing
 
 Reyes,
 
 36 Fla. 99, 17 So. 937).
 

 In
 
 Weiss,
 
 the wife’s former attorney in a dissolution proceeding filed a motion for attorney’s fees and for a charging lien. 5 So.3d at 759. The wife alleged that the attorney had fraudulently charged her credit card for a partial fee. At the hearing on the motion the attorney told the court that the wife had published defamatory statements about the fee dispute on several internet websites. The trial court rejected the wife’s allegation and imposed a charging lien. The court also ordered the wife to stop making the defamatory statements on the internet and to remove any statements she had already posted.
 

 On appeal, the wife argued that the court was acting outside its jurisdiction by entering an injunction in the fee dispute.
 
 Id.
 
 at 760. The Fifth District agreed based on its determination that the attorney had not filed a pleading requesting an injunction and entry of such without a proper pleading and notice was improper. The court also stated, “In the absence of some other independent ground for invoking equitable jurisdiction, equity will not enjoin either an actual or threatened defamation.”
 
 Id.
 
 The court cited to
 
 United Sanitation
 
 for the proposition that “in-junctive relief is generally unavailable” to enjoin defamation.
 
 Weiss,
 
 5 So.3d at 760.
 

 The above three cases stand for the proposition that injunctive relief is unavailable to enjoin a person from making allegedly defamatory statements unless there are independent grounds for invoking equitable jurisdiction. As the First District noted in
 
 Murphy,
 
 the situation of one’s interfering with another’s business provides such an exception to the general prohibition against injunctive relief.
 
 Murphy,
 
 176 So.2d at 925-26. This exception was applied by the Fourth District in
 
 Zimmerman,
 
 which is factually analogous to this case.
 
 See also DeRitis v. AHZ Corp.,
 
 444 So.2d 93, 94 (Fla. 4th DCA 1984) (holding that an injunction was the proper remedy in cases alleging interference “with a present or prospective business relationship”);
 
 Wolf v. Gold,
 
 9 A.D.2d 257, 193 N.Y.S.2d 36, 38 (N.Y.App.Div.1959) (“If it appears, as alleged in the first cause of action, that the defendants by false statements and other illegal means are engaged upon a deliberate plan to destroy the business and reputations of plaintiffs, and that plaintiffs’ legal remedy is inadequate, then the basis for injunctive relief will have been established.”).
 

 In
 
 Zimmerman,
 
 a builder filed a complaint alleging defamation and intentional interference with prospective business relationships against occupants of its condominium units. The builder alleged that the occupants had placed themselves outside the builder’s sales office and were picketing, telling prospective customers falsehoods about the builder, and displaying signs reflecting such falsehoods. 505 So.2d at 1372. The builder presented evidence establishing that these activities caused prospective purchasers to leave without visiting the builder’s sales office.
 
 *66
 
 It also established that no units were sold on the days the occupants engaged in these activities and damages were incalculable.
 

 The trial court granted the builder’s motion for a temporary injunction, and the Fourth District affirmed in part.
 
 Id.
 
 at 1376. The court explained that a party seeking injunctive relief must show (1) irreparable harm, (2) an inadequate legal remedy, and (3) the existence of a clear legal right.
 
 Id.
 
 at 1372-73. The court reasoned that the harm was irreparable and the legal remedy was inadequate because it would be very difficult to determine how many sales were lost and the amount of lost profits in an action for damages.
 
 Id.
 
 at 1373. The court also concluded that the builder had established a clear legal right to injunctive relief by presenting “proof to a reasonable certainty of the cause of action stated in the complaint.”
 
 Id.
 

 In evaluating this third requirement, the court looked to see whether the builder had established the following elements of tortious interference with an advantageous business relationship:
 

 “(1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship.”
 

 Id.
 
 (quoting
 
 Symon v. J. Rolfe Davis, Inc.,
 
 245 So.2d 278, 280 (Fla. 4th DCA 1971)). The court determined that the builder presented evidence establishing the first two elements of the tort. The court also concluded that evidence that the occupants’ conduct “had a deleterious effect on sales of condominium units” supported an inference of the third element of the tort.
 
 Id.
 

 The court also addressed the occupants’ argument that the injunction interfered with their constitutional right of free speech.
 
 Id.
 
 at 1374-76. The court recognized authority standing for the pi*oposition that equity will generally not be used to enjoin a person from making allegedly defamatory statements.
 
 Id.
 
 at 1375. However, the court noted an exception for cases in which such defamatory statements are “uttered or published incident to another tort.”
 
 Id.
 
 The court explained that such defamatory statements constitute “verbal acts,” which “ ‘are published or made as a part and parcel of a course of conduct deliberately carried on to further a fraudulent or other unlawful purpose,’ ” and that injunctive relief to prevent irreparable injury based on these verbal acts was proper.
 
 Id.
 
 (quoting
 
 West Willow Realty Corp. v. Taylor,
 
 23 Misc.2d 867, 198 N.Y.S.2d 196, 198 (N.Y.Sup.Ct.1960)).
 

 Based on this analysis, the court upheld the injunction in part, stating as follows:
 

 We approve the trial court’s finding that some of the activities enjoined constitute or are incident to conduct which constitutes intentional interference with potentially advantageous business relationships, and that the rights thus tor-tiously violated are entitled to be protected by equitable intervention in the form of a temporary injunction.
 

 Id.
 
 at 1376. However, the court determined that the portion of the injunction prohibiting peaceful picketing and displaying of signs improperly interfered with the occupants’ constitutional right of free speech. Thus, the court disapproved that part of the injunction.
 

 In this case, as in
 
 Zimmerman,
 
 the complaint alleged defamation and intentional interference with prospective business relationships. Additionally, here the complaint asserted that the defamation caused current patients to terminate their relationships with Dr. Murtagh and that
 
 *67
 
 his revenue had decreased as a result. Thus, if Dr. Murtagh presented “proof to a reasonable certainty of the cause of action stated in the complaint,” then he would have established a clear legal right to in-junctive relief under
 
 Zimmerman.
 
 Accordingly, it was error for the trial court to accept Hurley’s argument that injunctive relief is not available for this type of dispute.
 

 That said, Dr. Murtagh has not established entitlement to an injunction because he did not present “proof to a reasonable certainty of the cause of action stated in the complaint.” The record reflects that Dr. Murtagh did not present any evidence that demonstrated or would allow an inference that Hurley’s conduct “had a deleterious effect on” Dr. Mu-rtagh’s business. Instead, Dr. Murtagh presented evidence as to statements made by Hurley and Dr. Murtagh’s opinion that these statements “crossed the line” and “influenced” the patients. Dr. Murtagh improperly attempts to rely on the allegations in his unsworn complaint that Hurley’s activities caused current customers to terminate their relationships with Dr. Mu-rtagh and that his revenue had decreased. Thus, Dr. Murtagh has not established a clear legal right to a temporary injunction, and we affirm.
 

 Affirmed.
 

 VILLANTI and MORRIS, JJ„ Concur.