PER CURIAM.
This is an appeal brought by Robert Heath, the plaintiff below, challenging the trial court’s entry of a summary judgment in favor of the defendants below, Bear Island Homeowners Association, Inc. (“the Association”) and Frank Moscato, a board *40 member. We conclude that the trial court correctly entered a summary judgment in favor of the Association as to count one (injunctive relief) — albeit for the wrong reasons. Further, after carefully reviewing the arguments and the record, we also conclude that the trial court correctly entered a summary judgment in favor of Moscato as to count two (breach of fiduciary duty). Therefore, we affirm.
In count I of the complaint, Heath sought an injunction to compel the Association to enforce the terms of its Declaration of Covenants and Restrictions. Heath, a resident of Bear Island and as such a party to the Declaration, accused the Association of failing to enforce the terms of the Declaration as to certain homeowners. Heath provided the trial court with a list of other residences in Bear Island which he claimed had changes, modifications, or improvements that were made without first seeking the Association’s approval, in direct abrogation of the Declaration’s requirement that changes first be approved.
The Association, however, had no legal obligation to take legal action to enforce the Declaration. Article XII, entitled “Enforcement of Declaration,” states, in pertinent part:
The enforcement of this Declaration may be by proceeding at law for damages or in equity to compel compliance with its terms or to prevent violation or breach of any of the covenants or terms herein. The Developer, the Association, or any individual may, but shall not be required to, seek enforcement of the Declaration.
Quite simply, because this plain language explicitly makes enforcement of the Declaration a purely discretionary decision on the part of the Association, Heath had no clear legal right to an injunction to compel the Association to enforce the terms of the Declaration. See, e.g., Murtagh v. Hurley, 40 So.3d 62, 66 (Fla. 2d DCA 2010) (stating that in order to obtain an injunction, the “party seeking injunctive relief must show” among other things “the existence of a clear legal right”). While this was not the reasoning stated by the trial court for granting the summary judgment as to count one, we are compelled to affirm nonetheless. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”).
We have also reviewed that portion of the summary judgment entered in favor of Moscato as to count two and find no error. Therefore, the summary judgment is affirmed.

Affirmed.

MAY, C.J., STEVENSON and CIKLIN, JJ., concur.