STEVENSON, J.
The parties to the instant appeal were once romantically involved. Some years after the end of their romantic relationship, Leibel sued Vrasic, alleging that, in the intervening years, she had engaged in a pattern of harassment, i.e., she hacked into his email — sending offensive letters and a naked photograph of him to those on his contact list — and created a website, using his name, to pre-sell her book and to post an excerpt that included defamatory statements about him. Leibel’s complaint included claims for injunctive relief, defamation, invasion of privacy, credit card fraud, and cyberstalking.[1] Leibel also petitioned the court for a temporary injunction, seeking to prevent Vrasic from making further defamatory statements about him, including the making of such statements through the use of her website and book. The lower court granted temporary injunctive relief to Leibel, giving rise to the instant appeal. We affirm the “no contact” provision of the order, but reverse as to the other restrictions which we conclude amount to a prior restraint on speech.
The modified order of injunction prohibits contact between Vrasic and Lei-bel and, among other things, enjoins Vra-sic “[f]rom using the name or likeness of LEIBEL for commercial purposes”; “[f]rom using the words ‘Lome’ together with ‘Leibel’ for any commercial purpose”; and “[f]rom publishing, selling, licensing, or leasing, or offering to publish, sell, license, or lease” her book “as previously published,” allowing her to publish a work only “so long as the work does not use the words ‘Lome’ and/or ‘Leibel,’ alone or in any combination.” While lodging no challenge to the order’s “no contact” provisions, Vrasic insists the injunction must be reversed to the extent it enjoins her speech. We agree.
Florida’s courts have long held that temporary injunctive relief is not available to prohibit the making of defamatory or libelous statements. See, e.g., Murphy v. Daytona Beach Humane Soc’y, Inc., 176 So.2d 922, 924 (Fla. 1st DCA 1965). There are two chief reasons for this rule. First, to be entitled to temporary injunctive relief, the moving party must establish that he will suffer irreparable harm as there is no adequate remedy at law. See Animal Rights Found, of Fla., Inc. v. Siegel, 867 So.2d 451, 454 (Fla. 5th DCA 2004). In the case of a libelous or defamatory statement, there is an adequate remedy at law — an action for damages. Murphy, 176 So.2d at 924. And, Leibel has availed himself of this remedy in the instant case.
Second, a temporary injunction directed to speech is a classic example of prior restraint on speech triggering First Amendment concerns. See Moore v. City Dry Cleaners & Laundry, 41 So.2d 865, 873 (Fla.1949) (recognizing First Amendment concerns triggered by temporary injunction); Murphy, 176 So.2d at 924 (same); see also Post-Newsweek Stations Orlando, Inc. v. Guetzloe, 968 So.2d 608, 610 (Fla. 5th DCA 2007) (recognizing temporary injunction forbidding speech constitutes a prior restraint) (citing Alexander v. United States, 509 U.S. 544, 550, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993)). “[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.” Neb. Press Ass’n v. Stuart, 427 U.S. 539, *487 559, 96 S.Ct. 2791, 49 L.Ed.2d 68B (1976). And, protection against prior restraints on speech extends to both false statements and to those from which a commercial gain is derived. See Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc., 425 U.S. 748, 761, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) (“[S]peech does not lose its First Amendment protection because money is spent to project it.... Speech likewise is protected even though it is carried in a form that is ‘sold’ for profit.”) (citations omitted); ETW Corp. v. Jireh Publ’g, Inc., 332 F.3d 915, 924 (6th Cir.2003) (same); Town of Lantana v. Pelczynski, 290 So.2d 566, 569 (Fla. 4th DCA) (“Freedom from prior restraint upon speech and press extends to false, as well as true statements.”) (citing Patterson v. Colorado, 205 U.S. 454, 462, 27 S.Ct. 556, 51 L.Ed. 879 (1907)), aff'd, 303 So.2d 326 (Fla.1974). “[A] free society prefers to punish the few who abuse rights of speech after they break the law than to throttle them and all others beforehand.” Se. Promotions, Ltd. v. Conrad, 420 U.S. 546, 559, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975).
In an effort to justify the temporary injunction, Leibel points to Zimmerman v. D.C.A. at Welleby, Inc., 505 So.2d 1371 (Fla. 4th DCA 1987), and Murtagh v. Hurley, 40 So.3d 62 (Fla. 2d DCA 2010), review denied, 51 So.3d 1155 (Fla.2010). These cases acknowledge a limited exception to the general rule that applies where the defamatory words were made in the furtherance of the commission of another tort. Both decisions, however, involved statements made as part of an alleged tortious interference with an advantageous business relationship. And, both contemplated application of the exception where a party demonstrates a special harm, i.e., in Zimmerman, the builder offered evidence that, on days of picketing, it had no sales and the damages from the loss of sales was “incalculable” and, in Murtagh, the court contemplated application of the exception in the event the plaintiff physician was able to substantiate allegations that defendant’s statements were resulting in lost revenue because patients were terminating their relationship with plaintiff. The instant case involves neither a claim for tortious interference with a business relationship nor a claim of specialized harm. Indeed, in issuing the temporary injunction, the lower court expressly found that while Leibel had suffered embarrassment and emotional distress — the same harm suffered by all who are the subjects of defamatory statements — there was no evidence that he had been “shunned by society” or had suffered any business or financial losses. We thus decline to extend Zimmerman and Murtagh to uphold the temporary injunction entered in this case.
Accordingly, the modified temporary injunction is hereby reversed in its entirety, save that portion of the order enjoining Vrasic from contacting Leibel. The “no contact” provisions shall remain in effect as Vrasic has not challenged them on appeal.

Affirmed in Part; Reversed in Part; and Remanded.

POLEN, J., and BONAVITA, AUGUST, Associate Judge, concur.

. It appears that Leibel later dropped the claim for credit card fraud and added claims for statutory misappropriation, in violation of section 540.08, Florida Statutes; property damage; and intentional infliction of emotional distress.