DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICKI PAIGE AHERN,**
Appellant,

v.

**HAMLET BETANCOURT LEON,**
Appellee.

No. 4D21-539

[January 19, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stefanie C. Moon, Judge; L.T. Case No. DVCE-20-000510.

John J.R. Skrandel of Jerome F. Skrandel, PL, North Palm Beach, for appellant.

No appearance for appellee.

FORST, J.

Appellant Vicki Paige Ahern challenges the final judgment of injunction for protection against stalking issued pursuant to section 784.0485(1), Florida Statutes (2019). As we conclude Appellee Hamlet Betancourt Leon did not present sufficient evidence that Appellant "stalked" him, we reverse the trial court's judgment.

## Background

Appellant and Appellee briefly dated in mid-2016 and again from March through July 2017. In October 2017, Appellee informed Appellant that he wished to terminate all relations with Appellant. Appellee testified that Appellant contacted two women he was dating, in December 2017 and June 2018, and told them she had dated Appellee, ultimately leaving the women with a negative impression of him. Nonetheless, Appellant agreed that she became acquainted with Appellee's then-girlfriend in February 2018, claiming that she met this woman on a professional basis and did not realize the woman was dating Appellee until June 2018, at which time

she admitted to "warning" the woman about him. Neither party testified to any contact between one another or between Appellant and Appellee's acquaintances after June 2018.

In December 2019, Appellant accepted a substitute teaching assignment at the school where Appellee was employed as a full-time teacher. Neither party testified that Appellant physically encountered Appellee or spoke about him with any school personnel or students. Nevertheless, upon learning that Appellant was teaching at his school, Appellee petitioned for an injunction for protection against stalking. Following a hearing at which the parties were the only witnesses, the trial court granted the petition and subsequently denied Appellant's motion for rehearing. This appeal followed.

## Analysis

"A trial court's order granting a permanent injunction [for protection against stalking] is reviewed for competent substantial evidence." *O'Neill v. Goodwin*, 195 So. 3d 411, 413 (Fla. 4th DCA 2016) (quoting *Thoma v. O'Neal*, 180 So. 3d 1157, 1159 (Fla. 4th DCA 2015)). "[T]he question of whether the evidence is legally sufficient to justify imposing an injunction is a question of law that we review de novo." *Krapacs v. Bacchus*, 301 So. 3d 976, 978 (Fla. 4th DCA 2020) (quoting *Pickett v. Copeland*, 236 So. 3d 1142, 1144 (Fla. 1st DCA 2018)).

> Courts have the authority to enjoin stalking and/or cyberstalking under section 784.0485, Florida Statutes (2015). "A person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking ...." § 784.048(2), Fla. Stat (2015). "'Harass' means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a).

*O'Neill,* 195 So. 3d at 413.

Here, it is questionable whether Appellant's conversations with Appellee's then-girlfriends, allegedly "warning" them about Appellant, constitute "harassment" necessitating an injunction, particularly because Appellant gave unrebutted testimony that she was professionally acquainted with the second girlfriend before learning of that individual's relationship with Appellee. *See, e.g., Leach v. Kersey*, 162 So. 3d 1104, 1106 (Fla. 2d DCA 2015) (holding that phone calls, messages, and "friend"

requests on Facebook were not grounds for an injunction against stalking when made "for the legitimate purpose" of urging the petitioner to stay away from the respondent's husband, with whom the petitioner had been having an affair). Moreover, as we noted in *David v. Textor,* 189 So. 3d 871 (Fla. 4th DCA 2016):

> "[A] temporary injunction directed to speech is a classic example of prior restraint on speech triggering First Amendment concerns." *Vrasic v. Leibel,* 106 So.3d 485, 486 (Fla. 4th DCA 2013). An injunction may not be directed to prevent defamatory speech. *Id.* at 487; *Chevaldina* [*v. R.K./FL Mgmt., Inc.*]*,* 133 So. 3d [1086, 1090 (Fla. 3d DCA 2014)]. "'[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.'" *Concerned Citizens for Judicial Fairness, Inc. v. Yacucci,* 162 So.3d 68, 73 (Fla. 4th DCA 2014) (quoting *Neb. Press Ass'n v. Stuart,* 427 U.S. 539, 559, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976)). Section 784.048 itself recognizes the First Amendment rights of individuals by concluding that a "course of conduct" for purposes of the statute does not include protected speech. § 784.048(1)(b), Fla. Stat. (2014). This includes speech that may be offensive or vituperative. *See Watts v. U.S.,* 394 U.S. 705, 708, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969).

*Id.* at 876 (first and third alterations in original).

In any case, the petition for injunction was filed in January 2020. At that point, it had been two years since the parties last had contact and approximately eighteen months since Appellant spoke with anyone about Appellee. The trial court nonetheless implicitly characterized Appellant's acceptance of a substitute teaching assignment as "stalking," speculating at the hearing that "the showing up at the particular place where [Appellee] works, I don't believe was a coincidence by any stretch of the imagination."

"Speculative testimony is not competent substantial evidence." *Realauction.com, LLC v. Grant St. Grp., Inc.,* 82 So. 3d 1056, 1059 (Fla. 4th DCA 2011). However, even if the trial court had a factual basis to support its disbelief, which we do not glean from the record, the gap in time between the last incident of purported stalking leads to the conclusion that Appellant's conduct falls outside the statutory definition of stalking. In the context of a similar statute, section 741.30, Florida Statutes (2019) ("creat[ing] a cause of action for an injunction for protection against

domestic violence"), Florida courts have found the remoteness of the prior acts of abuse may render the injunction improper. *See, e.g., Curl v. Roberts o/b/o E. C.*, 279 So. 3d 765, 767 (Fla. 1st DCA 2019) ("Incidents remote in time by as little as a year are insufficient to support entry of a new injunction, absent allegations of current violence or imminent danger that satisfy the statute."), and cases cited therein.

As noted above, "[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking . . . ." § 784.048(2), Fla. Stat. (2019). Here, Appellee did not present competent evidence that Appellant "repeatedly follow[ed]" him. Appellee's testimony that a neighbor saw Appellant driving by Appellee's residence was uncorroborated hearsay. Nor did Appellee present any evidence that the parties were in verbal or physical contact after a January 2018 phone call, two years before he filed the petition.

Nor can we conclude that Appellant "repeatedly . . . harass[ed]" Appellee. "'Harass' means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. (2019). The last alleged "harassment" occurred in mid-2018, eighteen months before Appellee filed the petition. Appellee admitted that, before December 2019, he did not feel it necessary to file a restraining order or contact the police because of any threat posed by Appellant. While that fact is not dispositive, the mere circumstance that Appellant was contracted to work at Appellee's place of employment (eighteen months after her last contact with Appellant) is not a harassing "course of conduct" under the statute. Moreover, Appellant accepting a substitute teaching assignment at the school where Appellee was employed serves a "legitimate purpose," both for Appellee and the school. *See O'Neill*, 195 So. 3d at 413 ("[C]ourts have generally held that contact is legitimate when there is a reason for the contact other than to harass the victim.").

Despite acknowledging that Appellant had never physically assaulted him and never threatened him with physical harm, Appellee testified that Appellant's "presence in my school is a threat to my safety and the safety of my students." But Appellee's subjective belief is not dispositive. "In determining whether substantial emotional distress has been established [as statutorily required], 'courts use a reasonable person standard, not a subjective one.'" *Carter v. Malken*, 207 So. 3d 891, 893 (Fla. 4th DCA 2017) (quoting *Laserinko v. Gerhardt*, 154 So. 3d 520, 521 (Fla. 5th DCA 2015)). From an objective standpoint, a reasonable person would not be in emotional distress due to the mere fact that a former paramour (who

had never physically abused Appellee or threatened physical abuse) was scheduled to work for a couple of days at the same workplace, with no certainty that the two would even encounter each other.

## Conclusion

The trial court granted Appellee's petition for a protective injunction based on testimony that was generally hearsay or speculative and fell significantly below the statutory threshold. Moreover, the last alleged incident of harassment occurred eighteen months before Appellee filed the petition. The trial court's apparent belief that Appellant had accepted a substitute teaching position at Appellee's workplace with the intent to stalk/harass Appellee is speculative and ignores the legitimate purpose of Appellant accepting the assignment. Under the circumstances, from an objective standpoint, Appellant's mere presence in the workplace would not cause a reasonable person substantial emotional distress. As Appellee did not present sufficient evidence to support his petition, we reverse the trial court's final judgment and remand for entry of an order denying the petition.

*Reversed and remanded with instructions.*

MAY and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

5