# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2109
Lower Tribunal No. 21-21329

_____

**Seissa Belmondo,**
Appellant,

vs.

**Edy Amisial,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

The Foodman Firm, P.A., and Daniel Foodman, for appellant.

Edy Amisial, in proper person.

Before MILLER, GORDO and BOKOR, JJ.

BOKOR, J.

Notwithstanding a related civil action pending in circuit court between the parties and an action pending in circuit court, family division, appellee, Dr. Edy Amisial, filed a stand-alone claim for defamation. Despite not seeking injunctive relief in the complaint, Dr. Amisial filed a motion seeking emergency temporary injunctive relief to restrain appellant, Seissa Belmondo, from further spreading or repeating certain allegedly defamatory statements. After an evidentiary hearing, the trial court entered an order granting temporary injunctive relief in favor of Dr. Amisial and against Belmondo, which Belmondo timely appeals.[1]

Here, Belmondo correctly notes that "Florida's courts have long held that temporary injunctive relief is not available to prohibit the making of defamatory or libelous statements." Vrasic v. Leibel, 106 So. 3d 485, 486 (Fla. 4th DCA 2013). The remedy for defamatory statements lies in an action at law for damages. Id. A limited exception exists where "the defamatory words were made in the furtherance of the commission of another tort . . . [and] . . . where the party demonstrates a special harm." Id. at 487. In the instant case, a review of the record, including the transcript of the hearing

---

[1] We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(B). We review the factual findings under a competent, substantial evidence standard and the legal basis for the issuance of an injunction under a de novo standard. Telemundo Media, LLC. v. Mintz, 194 So. 3d 434, 435–36 (Fla. 3d DCA 2016).

before the trial judge, reveals no such finding of special harm, nor a basis upon which such a finding could be made. At best, the record contains an affidavit with a conclusory statement regarding the impact of the statements. However, even ignoring the fundamental flaw of the complaint, which alleges no separate tort upon which special damages could be based, the conclusory allegation contained in the affidavit, without more, cannot form the basis for special damages. Accordingly, absent a separate tort and a finding of special harm supported by competent, substantial evidence, the injunction on review constitutes an impermissible prior restraint on speech.[2]

---

[2] We also note that the appeal raises other, significant issues besides the prior restraint without an appropriate exception. Here,

> [t]he temporary injunction . . . lacks the necessary findings in support of the four-prong test set out in [Cosmic Corp. v. Miami-Dade County, 706 So. 2d 347, 348 (Fla. 3d DCA 1998)] and is inconsistent with the requirements of rule 1.610. A temporary injunction that merely recites legal conclusions is insufficient to support its entry.

Angelino v. Santa Barbara Enters., LLC, 2 So. 3d 1100, 1103 (Fla. 3d DCA 2009). Entry of a temporary injunction requires a showing of (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) a threatened injury to the petitioner that outweighs any possible harm to the respondent; and (4) that the entry of the injunction will not disserve the public interest. Id. The injunction must contain "[c]lear, definite, and unequivocally sufficient factual findings" as to each element. Id. (citations omitted). Here, the order on review does not—and, based on the record, cannot—contain the requisite findings. As noted by Belmondo, the record contains no affirmative statement, under oath, by the party seeking the injunction that the claimed statements were false or that actual damages resulted from the defamatory comments. See Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla.

We therefore vacate the injunction, and reverse and remand with instructions to deny the temporary injunction.

Reversed and remanded with instructions.

---

2008) (noting, *inter alia*, that a defamatory statement must be false and result in actual damages).  We decline to review the procedural or due process issues raised because we dispose of the matter on other grounds.