DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL MAYS,** an Individual, **KALA HENNESSEY,** an Individual, and
**MGM RESTORATION, LLC,** a Limited Liability Company,
Appellants,

v.

**JOE TAYLOR RESTORATION, INC.,** a Florida Corporation,
Appellee.

No. 4D21-917

[August 24, 2022]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 50-2020-CA-001769-XXXX-MB.

Jay L. Farrow and Meera K. Koodie of Farrow Law, P.A., Davie, for appellants.

Joshua S. Widlansky and Stephen J. Padula of Padula Bennardo Levine, LLP, Boca Raton, for appellee.

PER CURIAM.

This appeal arises from the unraveling of a relationship between an employer ("JTR") and its former employees ("the Defendants"). JTR, a mold remediation company, sued the Defendants for breach of noncompete agreements and tortious interference with contracts and/or business relationships, among other claims. The lawsuit was based in part on negative allegations which the Defendants made about JTR on the internet and shared widely to their professional network, which overlapped with JTR's professional network. The trial court entered a temporary injunction barring the Defendants from interfering with JTR's business relationships by posting negative content on social media, from which the Defendants appeal. We find no merit to most of the arguments raised by the Defendants. However, we reverse for the trial court to make certain required findings, to modify the injunction so it places the Defendants on notice of what conduct is barred, and to set a bond.

The Defendants raised numerous arguments on appeal, but we reverse on only three issues. Based on the evidence presented at the hearing and the trial court's credibility findings, we reject the Defendants' argument that JTR did not establish certain prerequisites to the imposition of a temporary injunction: irreparable harm, a likelihood of success on the merits as to the tortious interference and breach of contract claims, and no adequate remedy at law. The trial court was not required to address these prerequisites with respect to JTR's defamation claim, as JTR's motion for temporary injunction was not based on that claim.

However, we agree with the Defendants that the trial court failed to make sufficient findings as to whether the injunction serves the public interest. A party seeking a temporary injunction must establish that a temporary injunction will serve the public interest. *Shake v. Yes We Are Mad Grp., Inc.*, 315 So. 3d 1223, 1226-27 (Fla. 4th DCA 2021). And the trial court must make factual findings supporting that element. *McKeegan v. Ernst*, 84 So. 3d 1229, 1230 (Fla. 4th DCA 2012). The trial court here did not expressly address the public interest element and must do so on remand.[1]

We also agree with the Defendants that the injunction is overbroad. "Every injunction shall . . . describe in reasonable detail the act or acts restrained without reference to a pleading or another document . . . ." Fla. R. Civ. P. 1.610(c). "[A]n injunction should 'never be broader than is necessary to secure to the injured party relief warranted by the circumstances involved in the particular case.'" *Krapacs v. Bacchus*, 301 So. 3d 976, 979-80 (Fla. 4th DCA 2020) (quoting *Chevaldina v. R.K./FL Mgmt., Inc.*, 133 So. 3d 1086, 1091 (Fla. 3d DCA 2014)). The injunction here directs the Defendants to "[s]top using social media to harm Plaintiff['s] reputation and business relationships" and that "[n]o further malicious extra-judicial communications that lack a legitimate purpose shall be made."[2] These directives do not place the Defendants on notice

---

[1] The Defendants also argue that the trial court failed to make sufficient findings as to the other prerequisites to imposition of a temporary injunction, but their argument is conclusory and fails to address the sufficiency of the findings which the court made.

[2] The order also bars the Defendants from "disseminating the May 10th supposed 'settlement' letter and its attachments." The trial court was apparently referencing the proposed settlement letter dated March 10, 2020, as no such letter is dated May 10. Any error related to this portion of the order appears to be moot. The March 10 settlement proposal letter was sent to persons who had a connection to JTR, and it was sent before the civil RICO suit was filed. Now that the Defendants have filed the civil RICO lawsuit, any new settlement

of what is prohibited, and are overbroad in that the directives could encompass conduct/speech which does not constitute tortious interference with JTR's business relationships. We reverse and remand for the trial court to modify the injunction so that it makes clear which act or acts are restrained and is narrowly tailored to prevent interference with JTR's business relationships.[3]

Finally, on remand, the trial court must hold a hearing on the setting of a bond. *See* Fla. R. Civ. P. 1.610(b) ("No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined."); *Pinder v. Pinder*, 817 So. 2d 1104, 1105 (Fla. 2d DCA 2002) ("Under the compulsory language of [rule 1.610(b)], the trial court has no discretion to dispense with the requirement of a bond.").

*Affirmed in part, reversed in part, and remanded for further proceedings.*

KLINGENSMITH, C.J., CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

proposal would be based on the operative complaint, not a threatened complaint, and it would be served on named defendants.

[3] We recognize that "a temporary injunction directed to speech is a classic example of prior restraint on speech triggering First Amendment concerns," and that "protection against prior restraints on speech extends to both false statements and to those from which a commercial gain is derived." *Vrasic v. Leibel*, 106 So. 3d 485, 486-87 (Fla. 4th DCA 2013). However, "a limited exception . . . applies where the defamatory words were made in the furtherance of the commission of another tort," such as "statements made as part of an alleged tortious interference with an advantageous business relationship," and where a party "demonstrates a special harm." *Id.* at 487. Here, based on the evidence and the trial court's factual findings, we find the trial court did not err in concluding the limited exception applies.

3