DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DAVID JACOBSON,

Appellant,

v.

DAVID RUBINS,

Appellee.

No. 2D22-3268
_____

March 22, 2024

Appeal from the Circuit Court for Pinellas County; Patricia Ann
Muscarella, Judge.

Timothy W. Weber and Amanda A. Felten of Weber, Crabb & Wein, P.A.,
St. Petersburg, for Appellant.

Jawdet I. Rubaii of Jawdet I. Rubaii, P.A., Clearwater, for Appellee.

NORTHCUTT, Judge.

David Jacobson appeals an order entered during a discovery
dispute, arguing that the order contains an improper injunction. We
agree, and we vacate that portion of the order.

Jacobson and David Rubins are engaged in circuit court litigation
involving a real estate transaction. During discovery, Rubins moved for a
protective order to preclude a second taking of his and his wife's

depositions, and Jacobson moved to compel the depositions. In the motion for protective order and at the hearing on the motions, Rubin's attorney complained—immaterially and absent pleadings or evidence—that Jacobson had been defaming the Rubinses. During the hearing, the court correctly pointed out that the assertion was irrelevant to the discovery dispute, and it declined to consider it beyond admonishing Jacobson's attorney to caution him about the potential ramifications of any such conduct. Nevertheless, the court later issued a written order on the motions that states:

> ORDERED AND ADJUDGED that Plaintiff's Amended Motion for Protective Order [Doc. #344] is DENIED to bar the depositions but Defendant shall not video or take photographs *and shall cease all Defendant's extrajudicial defamatory conduct towards Plaintiff, DAVID RUBINS and his wife, BETH RUBINS.*

(Emphasis added.)

The italicized directive is erroneous for a variety of reasons. For one thing, it is an improper prior restraint on Jacobson's speech. *See Krapacs v. Bacchus*, 301 So. 3d 976, 979 (Fla. 4th DCA 2020). Injunctions may not be employed to prohibit the making of defamatory statements. *Id.* at 980; *Vrasic v. Leibel*, 106 So. 3d 485, 486 (Fla. 4th DCA 2013); *see also Budlove v. Johnson*, 377 So. 3d 206, 209 (Fla. 2d DCA 2023) (injunctions prohibiting communications about individuals are generally unlawful prior restraints).

Also, the injunction is outside the pleadings, and it was entered without notice; as such, it violates Jacobson's right to due process. *See Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1252 (Fla. 2008) (" 'Florida law clearly holds that a trial court lacks jurisdiction to hear and to determine *matters which are not the subject of proper pleading and notice*,' and '[t]o allow a court to rule on a matter without

2

proper pleadings and notice *is violative of a party's due process rights*.' "
(alteration in original) (quoting *Carroll & Assocs., P.A. v. Galindo*, 864 So.
2d 24, 28–29 (Fla. 3d DCA 2003))).

The circuit court further erred by failing to require Rubins to post a
bond, as required by Florida Rule of Civil Procedure 1.610(b).  *See Fla.
High Sch. Activities Ass'n v. Mander*, 932 So. 2d 314, 315–16 (Fla. 2d
DCA 2006) (holding that temporary injunction was defective because it
did not require the movant to post a bond).

Finally, and basically, the injunction is wholly unsupported by
evidence.  *See SunTrust Banks, Inc. v. Cauthon & McGuigan, PLC*, 78 So.
3d 709, 711 (Fla. 1st DCA 2012) (party seeking injunction must prove
entitlement therefor by competent, substantial evidence).

For each of these reasons, we vacate the above-quoted italicized
language in the order under review.

Vacated in part.


SILBERMAN and VILLANTI, JJ., Concur.


_____


Opinion subject to revision prior to official publication.